2654.  BAYNES *v.* THE STATE.

No error of law appears, and the evidence, with inferences fairly deducible
therefrom, supports the verdict.

Conviction of assault with intent to murder; from Jasper su-
perior court—Judge Lewis.  April 20, 1910.

Submitted June 1,—Decided June 14, 1910.

*Eugene M. Baynes,* for plaintiff in error.

*Joseph E. Pottle, solicitor-general,* contra.

HILL, C. J.  Tom Baynes was indicted jointly with his brother,
Bob Baynes, for the crime of murder, and, on a separate trial, was
convicted of an assault with intent to murder.  He made a motion
for a new trial, based on the general grounds and on several special
grounds.  The trial judge overruled the motion, and he excepted.
The evidence makes substantially the following case: Bob Baynes
and one Ned Dudley were engaged in a fight with the deceased,
Taylor Branch.  The evidence does not disclose the origin of the
difficulty, but it appears that the deceased was endeavoring to shoot
Ned Dudley, and Ned Dudley shot him with a pistol, and Bob
Baynes hit the deceased over the head with a scantling.  Just be-
fore the deceased was shot by Dudley and hit over the head by Bob
Baynes, he was cursing and threatening to shoot.  The sister of
the defendants was standing near Ned Dudley, and cried out,
"Don't shoot, don't shoot!"  Following immediately this exclama-
tion, Tom Baynes grabbed a single-barrel shotgun and shot the
deceased in the back.  This was the first and only time he partici-
pated in the difficulty; and his defense was that he shot because he
believed the deceased was about to shoot his sister,—that he shot to

prevent a felony about to be perpetrated by the deceased upon her. The physician who made the autopsy testified that neither one of the gunshot wounds was necessarily fatal, but the probability was that the fatal wound was the one on the head caused by the blow from the scantling in the hands of Bob Baynes. The learned trial judge did not present to the jury at all the theory of joint action on the part of Tom Baynes and his brother and Ned Dudley, but treated the act of Tom Baynes as independent of the acts of the others, and having no connection therewith. The judge did present to the jury very clearly, fully, and accurately the theory of the defense relied upon by Tom Baynes, that he shot in order to protect his sister from one who was manifestly endeavoring to kill or to commit a serious personal injury upon her. The jury did not accept this view, and found Tom Baynes guilty of assault with intent to murder, on the theory that he shot at the deceased with the specific intent to kill him, with a deadly weapon and without justification, but that, as the wound was not necessarily fatal, and as the deceased was actually killed by the blow from the scantling in the hands of Bob Baynes, Tom Baynes was only guilty of assault with intent to murder. It was the sole province of the jury to solve any uncertainty in the facts and to accept as the truth any reasonable theory deducible therefrom. Exercising their right, they refused to believe this defendant's statement, but believed that he shot the deceased without mitigation or justification, using a deadly weapon in a manner likely to cause death. They could infer from these facts the specific intent to kill. While not entirely satisfied with the correctness of this conclusion, it is supported by evidence, and reasonable inferences from the evidence, and we can not interfere. The special assignments of error are without merit.

*Judgment affirmed.*